IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TECH DATA FINANCE SPV, INC.         *

       Plaintiff         *

       vs.                  *   CIVIL ACTION NO. MJG-02-1561

ECS TECHNOLOGIES, INC.              *

       Defendant         *

\*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

The Court has before it Plaintiff's Motion for Summary Judgment and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

As set forth herein, Plaintiff has submitted evidence in establishing its claim. In response, Defendant has submitted a vague and unsupported allegation that it, somehow, does not owe all that Plaintiff claims.

A motion for summary judgment shall be granted if the pleadings and supporting documents "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In evaluating any motion for summary judgment the court must bear in mind that:

> Summary Judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action." (quoting Fed. R. Civ. P. 1).

Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

A party cannot oppose a Motion for Summary Judgment by merely setting forth allegations without evidentiary support.

In order to defeat a motion for summary judgment, "the party opposing the motion must present _evidence_ of specific facts from which the finder of fact could reasonably find for him or her." Mackey v. Shalala, 43 F.Supp.2d 559, 564 (D.Md. 1999) (emphasis added).

As stated in Allstate Fin. Corp. v. Financorp., Inc.:

> Rule 56(e) of the Federal Rules of Civil Procedure provides that a party opposing a properly supported summary judgment motion may not rely on his allegations in his complaint, but must set forth specific facts showing there is a genuine issue for trial. Because [the nonmovant] offered no affidavits, depositions, or other discovery documents to support its contention [as to an asserted fact], summary judgment on this issue is proper.

934 F.2d 55, 58-59 (4th Cir. 1991) (citations omitted)

Little discussion is needed. Plaintiff has set forth evidence establishing that on July 31, 2001, Defendant ordered

2

certain software licenses from Plaintiff for a total price of $228,427.27.  In response to the order, Plaintiff issued its Sales Invoice and provided Defendant with the licenses.  The Sales Invoice required Defendant to pay interest on unpaid balances at the rate of 1.5% per month and to pay reasonable attorneys' fees if collection action were taken.  Defendant paid nothing on the Sales Invoice prior to the filing of this lawsuit and paid a total of $3,000.00 thereafter.

In opposition to the instant motion, Defendant presents the affidavit of its President stating, in pertinent part:

> 3.  ECS admits that it purchased computer and electronic components and software from Plaintiff, as alleged in the Complaint.
>
> 4.  However, ECS is not indebted to Plaintiff in the amount claimed in the Complaint.  Specifically, Plaintiff has not given ECS credit for all payments made on account.
>
> 5.  Furthermore, ECS did not agree to pay interest on unpaid invoices at the rate of 1.5% per month, and ECS did not agree to pay late fees and all attorneys fees incurred by Plaintiff in order to collect unpaid invoices.

This is inadequate to present a genuine issue of material fact in the case.

There is no issues as to Defendant's liability under the contract between the parties.  Plaintiff has admitted that, after the filing of the Complaint, Defendant paid a total of $3,000 on

its obligation and should receive credit therefore. Plaintiff further concedes that Defendant is not liable for late payment fees. Defendant does not present any basis on which the Court could to deny legal effect to the interest or attorneys' fees provisions contained on Plaintiff's invoice. Nor does Defendant contest Plaintiff's interest computation.

In sum, there are no genuine issues of material fact, Plaintiff is entitled to summary judgment for the amount claimed by Plaintiff less credit for payments made plus prejudgment interest and reasonable attorneys fees.

For the foregoing reasons:

1. Plaintiff's Motion for Summary Judgment is GRANTED.

2. Judgment shall, be entered by separate Order in the amount of $228,427.27 (principal) plus $34,061.66[1] of prejudgment interest.

SO ORDERED this 31st day of July, 2002.

_____
Marvin J. Garbis
United States District Judge

---

[1] Prejudgment interest to July 31, 2002.